**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-50459
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

EDGAR ALBERTO GARCIA-ACOSTA, also known as Edgar Acosta

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-243-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Edgar Alberto Garcia-Acosta (Garcia) pleaded guilty to the charge of entering the United States illegally after having been removed previously. Because Garcia had a prior conviction for a felony drug-trafficking offense, Garcia's base offense level was increased 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). The district court sentenced Garcia within the applicable guidelines range to 80 months of imprisonment and a three-year term of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

nonreporting supervised release. Garcia filed a timely notice of appeal and now challenges the sentence imposed.

Garcia concedes that this court ordinarily applies a presumption of reasonableness to within-guidelines sentences. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Citing *Kimbrough v. United States*, 128 S. Ct. 558, 574-75 (2007), he contends that the presumption should not apply in this case because § 2L1.2 is not empirically supported.

The question presented in *Kimbrough* was whether ""'a sentence . . . outside the guidelines range is per se unreasonable when it is based on a disagreement with the sentencing disparity for crack and powder cocaine offenses.'" 128 S. Ct. at 564. Speaking specifically to the crack cocaine Guidelines, the Court simply ruled that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve [18 U.S.C.] § 3553(a)'s purposes, even in a mine-run case." *Id.* at 575. In *Kimbrough*, the Court said nothing of the applicability of the presumption of reasonableness. Moreover, the appellate presumption's continued applicability to § 2L1.2 sentences is supported by this court's decision in *Campos-Maldonado*, 531 F.3d at 338-39. The appellate presumption is therefore applicable in this case.

Garcia also contends that his 80-month sentence was greater than necessary to accomplish the goals of sentencing listed in § 3553(a)(2). Garcia points out that the instant offense did not involve violent conduct and did not pose a danger to others. He contends that the offense was not inherently evil and "was, at bottom, an international trespass." He contends also that the guidelines range did not account for his age, his personal history of substance abuse, or his motivation for reentering the United States. The district court heard Garcia's argument for leniency, but the court pointed out Garcia's

extensive criminal history and ultimately determined in its discretion that a sentence within the guidelines range was appropriate. Garcia has not shown that the district court abused its discretion in selecting a sentence or, consequently, that the within-guidelines sentence imposed is substantively unreasonable. *See Gall v. United States*, 128 S. Ct. 586, 597 (2007).

AFFIRMED.